UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOLETTE CORMIER                                   CIVIL ACTION

VERSUS                                            NO. 23-474

STATE FARM MUTUAL AUTOMOBILE                      SECTION A(5)
INSURANCE CO. ET AL.

### ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 6)** filed by the plaintiff, Jolette Cormier. State Farm Mutual Automobile Insurance Co., a defendant herein, opposes the motion. The motion, noticed for submission on March 15, 2023, is before the Court on the briefs without oral argument.

This suit arises out of an automobile collision that occurred on August 6, 2021, in Terrebonne Parish. The plaintiff, JOLETTE CORMIER ("Cormier"), alleges that the other driver, defendant TAYLOR EMALEE ANDRZEJAK ("Andrzejak"), was at fault for the accident. Cormier filed this lawsuit in state court on August 3, 2022.

State Farm removed the suit to this Court alleging diversity jurisdiction, 28 U.S.C. § 1332(a)(1), which requires that the jurisdictional amount exceed $75,000.00, and that the parties be completely diverse in citizenship. Further, the notice of removal be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b). Moreover, in order to remove a case based on diversity jurisdiction complete diversity must exist both at the time that the action is commenced in state court and when the notice of removal is filed. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *see also In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993).

State Farm filed the Notice of Removal on February 7, 2023. State Farm acknowledges that the Notice of Removal was not filed within 30 days after receipt of the citation and petition. But State

Farm contends that it was not facially apparent from the original petition that the amount in controversy exceeded the jurisdictional minimum. State Farm argues that the removal was rendered timely by 28 U.S.C. § 1446(b)(3), referred to as the "other paper" rule, based on discovery responses and a demand letter received in January 2023. (Rec. Doc. 1, Notice of Removal at 2 ¶ 3). It is undisputed at this juncture that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Cormier now moves to remand the case to state court based on two grounds: 1) that State Farm did not timely remove the case from state court, and 2) that State Farm has failed to establish that Cormier and Andrzejak were of diverse citizenship when the case was filed in state court, *i.e.*, that the case was removable when it was filed. In fact, Cormier suggests that State Farm did not remove the case within the 30 day window because it could not do so based on the citizenship problem explained below.

Aside from the statutory requirements for removal to federal court, two overarching principles inform the Court's analysis of the parties' arguments for and against maintaining this case in federal court. First, State Farm has the burden of proving that all of the requirements for subject matter jurisdiction and removal are satisfied. And second, all doubts regarding removal must be resolved in the plaintiff's favor and against the exercise of federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Cormier is a Louisiana citizen. State Farm's position is that Andrzejak is a citizen of Georgia. Andrzejak was a Louisiana resident when the accident occurred, and she continued to reside in Louisiana through January 2023, which was well after the lawsuit had been filed in state court (August 3, 2022). In the declaration that Andrzejak provided to State Farm when it removed the case, and in her revised declaration executed <u>after</u> Cormier had filed her motion to remand pointing out the certain errors in the original declaration, Andrzejak explains that she was residing in Louisiana only

temporarily to attend graduate school and she disavows that when she did live here that she ever intended to remain. (Rec. Doc. 7-7, Revised Declaration).

The Court assumes that Andrzejak was a citizen of either Nevada (where she resided, worked, registered to vote, and obtained a driver's license before moving to Louisiana) or Georgia (assuming that the foregoing Nevada activities did not constitute an abandonment of the Georgia domicile) when she moved to Louisiana in December 2020.[1] Whichever of those states was her domicile before December 2020 when she moved to Louisiana, a person's domicile persists until a new one is acquired or it is clearly abandoned. *Coury*, 85 F.3d at 250 (citing *Lew v. Moss,* 797 F.2d 747 (9th Cir.1986); *Mas v. Perry,* 489 F.2d 1396 (5th Cir. 1974)). A change in domicile typically requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely. *Id.* (citing 13B Wright–Miller–Cooper, Federal Practice and Procedure § 3613 (1984)).

Andrzejak was physically present in Louisiana. She not only attended school here but she was also employed here at both Nicholls State University and Louisiana State University. (Rec. Doc. 6-3). While Andrzejak's declaration (revised) may suggest that she did not intend to remain in Louisiana *permanently*—which is not the test for domicile—it does not foreclose that she intended to remain here *indefinitely*. In fact, as Cormier points out in her opposition, the objective facts tend to contradict Andrzejak's after-the-fact subjective assertions regarding her intent while she lived in Louisiana. The objective facts do support indefiniteness. The Court is persuaded that State Farm has not established that the parties were completely diverse in citizenship when the lawsuit was filed.[2]

---

[1] The police report reflects that Andrzejak's license was from Georgia not Nevada. (Rec. Doc. 7-2 at 3). But Andrzejak has stated in her declaration that at the time of the accident she had a license issued from Nevada. (Rec. Doc. 7-7, Declaration ¶ 6).

[2] Cormier points out in her opposition that none of Andrzejak's assertions are supported by documentary evidence leaving only the declaration to support her contentions of domicile. This is not problematic in and of itself but this declarant signed and submitted a declaration that had a glaring chronological error as to a

But even if Andrzejak had been able to establish to the Court's satisfaction her state of citizenship when the lawsuit was filed, the Court is persuaded that it was facially apparent from the original petition that the amount in controversy exceeded $75,000.00, which means that the removal was untimely. Cormier alleges that the accident caused her severe and debilitating injuries whereas prior to the accident she had been in good health. (Rec. Doc. 1-1, Petition ¶ 7). Cormier specifically alleged disc herniations and nerve root impingement in her cervical spine, as part of her injuries, and she was only 46 years old when she was injured. (*Id.*). Notably, a full year after the accident she was still receiving medical care for her injuries and had not been discharged by her treating physicians. (*Id.*). The police report indicates that both vehicles were so badly damaged that they were rendered undrivable and had to be towed from the scene. (Rec. Doc. 6-2 at 7; Petition ¶ 6). Cormier alleged that her damages exceeded $50,000.00. (Petition ¶ 12). The Court is persuaded that the case was removable based on the original petition filed on August 3, 2022, which rendered the removal on February 7, 2023 untimely.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 6)** filed by the plaintiff, Jolette Cormier, is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c). The plaintiff's request for costs and attorney's fees is denied.

March 23, 2023

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

material fact on page 1, which suggests to the Court that she did not bother to read what she was signing. And of course, "citizenship" is a legal term so Andrzejak's assertions of Georgia citizenship are not determinative.